UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC D. BOYD,

          Petitioner,         Civil No. 06-13067
                                        HONORABLE PAUL V. GADOLA
v.                                      UNITED STATES DISTRICT JUDGE

JEFF WHITE,

          Respondent,
_____/

**OPINION AND ORDER OF SUMMARY DISMISSAL**

     Eric D. Boyd, ("Petitioner"), presently confined at the Ojibway Correctional Facility in Marenisco, Michigan, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenges his conviction of second-degree criminal sexual conduct, M.C.L. 750.520c. For the reasons stated below, the petition for writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE.**

**I. Background**

     Petitioner was convicted of the above offense following a jury trial in the Wayne County Circuit Court. Petitioner's conviction was affirmed on appeal. *People v. Boyd,* No. 214097, 2000 WL 33406985 (Mich. Ct. App. Sept. 15, 2000); *aff'd* 470 Mich. 363; 682 N.W. 2d 459 (2004) (Kelly, and Cavanagh, JJ. dissenting).

     On September 27, 2005, Petitioner filed an application for writ of habeas corpus with the United States District Court for the Eastern District of Michigan. *Boyd v. Jones,* U.S.D.C. No. 05-73792-DT. The case was assigned to Judge Victoria A. Roberts. Petitioner sought the issuance of a writ of habeas corpus on the following grounds:

    I.  Sentencing Guidelines.

    II.  The question *in limine* [involving the admission of Petitioner's statement to the police into evidence after he asserted his Fifth Amendment rights].

    III.  The judge vouched for the credibility of the prosecution's witness and case.

    IV.  180 day rule/Ineffective assistance of [trial] counsel.

Judge Roberts reviewed the petition and found that it was subject to dismissal because Petitioner's fourth claim, which actually involved two separate claims, had not been exhausted with the state courts. *Boyd v. Jones,* 2005 WL 2656639, *1-2 (E.D. Mich. October 14, 2005). Judge Roberts indicated that Petitioner's method of exhausting these claims would be by filing a motion for relief from judgment with the Wayne County Circuit Court under M.C.R. 6.502. Judge Roberts further indicated that the denial of a motion for relief from judgment would be reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. *Id.* at *3. In lieu of dismissing the petition outright, Judge Roberts held the petition in abeyance pending Petitioner's return to the state courts to initiate post-conviction proceedings. Judge Roberts also administratively closed the case. *Id.* at *3-4.

Petitioner has now filed the instant petition for writ of habeas corpus, in which he seeks habeas relief on the following grounds:

    I.  Sentencing Guidelines.

    II.  Ineffective assistance of counsel.

    III.  The question *in limine*.

    IV.  The judge vouched for the credibility of the prosecution's witness and case.

Petitioner alleges that he filed a post-conviction motion with the trial court, in which he raised the ineffective assistance of trial counsel and 180 day rule claims that had not yet been

exhausted with the state courts. Petitioner indicates that the trial court denied the motion for relief from judgment on April 7, 2006. However, there is no indication in the petition or in the attached exhibits that Petitioner has appealed the denial of his post-conviction motion to the Michigan Court of Appeals or to the Michigan Supreme Court. A review of the available on-line records of the Michigan Court of Appeals reveals no indication of any appeal having been filed by Petitioner in this case.[1] Additionally, a search of the Westlaw database has also failed to reveal any cases filed by Petitioner in the Michigan Court of Appeals or the Michigan Supreme Court.

## II. DISCUSSION

The instant petition must be dismissed, because Petitioner has not completed the exhaustion of his state court remedies with respect to his ineffective assistance of counsel claim.

As a general rule, a state prisoner seeking federal habeas relief must first exhaust his available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and(c); *Picard v. Connor*, 404 U. S. 270, 275-78 (1971); *Hannah v. Conley*, 49 F. 3d 1193, 1195 (6th Cir. 1995). The Antiterrorism and Effective Death Penalty Act (AEDPA) preserves the traditional exhaustion requirement; dismissal is mandated when a habeas petition contains claims that Petitioner has a right to raise in the state courts but has failed to do so. *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999). A habeas petitioner has the burden of proving that he has exhausted his state court remedies. *See Sitto v. Bock,* 207 F. Supp. 2d 668, 675 (E.D. Mich. 2002). The failure to exhaust state remedies may be raised *sua sponte* by a federal court. *Benoit v. Bock,* 237 F. Supp. 2d 804, 806 (E.D. Mich. 2003); 28 U.S.C. § 2254(b)(3).

---

[1] Public records and government documents, including those available from reliable sources on the Internet, are subject to judicial notice. *See United States ex. rel. Dingle v. BioPort Corp.,* 270 F. Supp. 2d 968, 972 (W.D. Mich. 2003). A federal district court is permitted to take judicial notice of another court's website. *See e.g. Graham v. Smith,* 292 F. Supp. 2d 153, 155, n. 2 (D. Me. 2003).

Petitioner's second claim was raised in Petitioner's first habeas petition and was determined by Judge Roberts to be unexhausted, because it had not been raised in his direct appeal and because Petitioner could still present this claim in a post-conviction motion. The law-of-the case doctrine bars this Court from revisiting Judge Roberts' ruling that Petitioner's ineffective assistance of counsel claim had not been exhausted prior to the filing of Petitioner's first habeas petition. *See Diguglielmo v. Smith,* 366 F. 3d 130, 135 (2nd Cir. 2004).

Petitioner raised his ineffective assistance of counsel claim in his post-conviction motion for relief from judgment, which was denied by the trial court on April 7, 2006. There is no indication, however, that Petitioner has appealed the denial of his post-conviction motion with the Michigan appellate courts. Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal, M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.302; *see Nasr v. Stegall,* 978 F. Supp. 714, 717 (E.D. Mich. 1997), and a prisoner confined pursuant to a Michigan conviction must raise each habeas issue in both the Michigan Court of Appeals and in the Michigan Supreme Court before seeking federal habeas corpus relief. *Grant v. Rivers*, 920 F. Supp. 769, 779 (E.D. Mich. 1996). A criminal defendant in Michigan has twelve months from the denial of a motion for relief from judgment by the trial court to file an application for leave to appeal with the Michigan Court of Appeals. M.C.R. 6.509 (A); M.C.R. 7.205(F)(3). Where a habeas petitioner has an opportunity under state law to file an appeal following the state trial court's denial of his state post-conviction motion, the petitioner has failed to exhaust his state court remedies. *See Cox v. Cardwell,* 464 F. 2d 639, 644-45 (6th Cir. 1972).

In the present case, because Petitioner has failed to appeal the denial of his post-conviction

motion to the Michigan Court of Appeals or to the Michigan Supreme Court, he has failed to satisfy the exhaustion requirement. *See*, *e.g.*, *Paffhousen v. Grayson,* 238 F. 3d 423, 2000 WL 1888659, *2 (6th Cir. December 19, 2000)*; Mohn v. Bock,* 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002). Because Petitioner has twelve months from the denial of his post-conviction motion by the trial court on April 7, 2006 to file an application for leave to appeal with the Michigan Court of Appeals, he still has an available state court remedy with which to exhaust his claims.

A habeas petitioner may not present a "mixed" petition containing both exhausted and unexhausted claims to a federal court. *Rockwell v. Yukins*, 217 F. 3d 421, 423 (6th Cir. 2000). Although this requirement is not jurisdictional, a petition that includes unexhausted claims will ordinarily not be considered by a federal court absent exceptional or unusual circumstances. *Rockwell*, 217 F.3d at 423.

The Court will therefore dismiss the instant petition without prejudice because it contains at least one claim that has not been exhausted with the state courts. Although a district court has the discretion to stay a mixed habeas petition containing both exhausted and unexhausted claims to allow the petitioner to present his unexhausted claims to the state court in the first instance, *see Rhines v. Weber,* 125 S.Ct. 1528 (2005), the Court declines to do so in this case, because Judge Roberts has already held Petitioner's first habeas petition in abeyance pending his return to the state courts to exhaust these claims. Judge Roberts, in fact, indicated that petitioner could re-open his earlier habeas petition within 60 days of completing his state post-conviction proceedings. *Boyd v. Jones,* 2005 WL 2656639, Slip. Op. at *4. Therefore, this Court finds that Petitioner should move within sixty days of the completion of his state post-conviction proceedings to re-open his earlier habeas petition that was filed with Judge Roberts, as per her instructions, rather than file a new

5

habeas petition, as he has done here.

### III.  ORDER

**IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus is **DISMISSED WITHOUT PREJUDICE.**

**SO ORDERED.**

Dated:  July 24, 2006 	s/Paul V. Gadola
	HONORABLE PAUL V. GADOLA
	UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on   July 24, 2006   , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:                                                                                                                          ,
and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:         Eric Boyd                                     .

	s/Ruth A. Brissaud
	Ruth A. Brissaud, Case Manager
	(810) 341-7845